JAMES N. TRACY, ESQ. (JT 3875)  
TANSEY, TRACY & CONVERY, ESQS.  
1725 Richmond Road  
Staten Island, New York 10306  
(718) 233-3785  
Attorneys for Plaintiff, Merck Sharp & Dohme Corp.

| | |
|---|---|
| MERCK SHARP & DOHME CORP., IN ITS CAPACITY AS PLAN ADMINISTRATOR OF THE MERCK MEDICAL PLAN, | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK  CASE NO: |
| Plaintiff(s), | COMPLAINT |
| vs. | |
| SALENGER, SACK, KIMMEL & BAVARO, LLP, and JOHN R. LOPRESTI and ROSEMARIE LOPRESTI AS CO-TRUSTEES OF THE J.F.L. SUPPLEMENTAL NEEDS TRUST | |
| Defendant(s). | |

Plaintiff, Merck Sharp & Dohme Corp., in its capacity as Plan Administrator for the Merck Medical Plan, pleads as follows:

### PARTIES

1. The Plaintiff, Merck Sharp & Dohme Corp., is the Plan Administrator for the Merck Medical Plan, an employee welfare benefits plan. The Plaintiff is located at 8050 Microsoft Way, Suite 300, Charlotte, North Carolina 28273.

2. Upon information and belief, the Defendant, Salenger, Sack, Kimmel & Bavaro, LLP, is a law firm located at 180 Froelich Farm Blvd., Woodbury, New York.

3. Upon information and belief, the Defendants, John R. Lopresti and Rosemarie Lopresti, are citizens and residents of New York with a last known address of 44 Knight Loop, Staten Island, New York.

## JURISDICTION AND VENUE

4. This action is for equitable relief under 29 U.S.C. § 1132(a)(3) to enforce the terms of the Merck Medical Plan. Consequently, this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) of the Employee Retirement Income Security Act of 1974 and 28 U.S.C. § 1331.

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because the Defendants, John R. Lopresti and Rosemarie Lopresti, reside in this District.

## COUNT ONE

6. Upon information and belief, J.F.L., a minor, sustained birth-related injuries as the result of the malpractice of various medical providers (hereinafter "the Malpractice").

7. At the time of the Malpractice, J.F.L. was a participant in the Merck Medical Plan.

8. The Merck Medical Plan is, and was at all relevant times, an employee welfare benefits plan governed by the material provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

9. Merck Sharp & Dohme Corp. (hereinafter "Merck") is, and was at all relevant times, Plan Administrator for the Merck Medical Plan.

10. Between 2011 and 2016, Malpractice-related medical benefits totaling $304,754.71 were paid on behalf of J.F.L. by the Merck Medical Plan (hereinafter "Paid Benefits").

11. The Paid Benefits were self-funded, not insured, through contributions by Merck and by participating employees.

12. The plan documents in effect in 2011-2015 included the following terms and conditions:

> If a Covered Person becomes injured or ill because of the actions or inactions of a third party, the [ ] Plan shall have the right to recover related [ ] Plan expenses out of any payments made by (or on behalf of) the third party (whether by lawsuit, settlement, or otherwise) to a Covered Person (or his or her assignee). The [ ] Plan's right of recovery applies to the extent the [ ] Plan has paid expenses related to the injury or illness, regardless of whether any related settlement or other third-party payment states that the payment (all or part of it) is for health care expenses.

13. On or about December 2011, a personal injury action was filed on behalf of J.F.L. by his mother and natural guardian, Rosemarie Lopresti, in the Supreme Court of New York, County of Richmond. The action, entitled "*J.F.L., infant, by Rosemarie Lopresti as mother and natural guardian, et als v. Debra J. Werner, D.O., et als*" Index No: 104435/11, alleged that the Malpractice was committed by various medical providers, including Debra J. Werner, D.O. and Richmond University Medical Center, and that J.F.L. suffered serious and permanent injuries as a result of said Malpractice (hereinafter "Personal Injury Action").

14. J.F.L. and Rosemarie Lopresti, his mother and natural guardian, were represented in the Personal Injury Action by Defendant, Salenger, Sack, Kimmel and Bavaro, LLP (hereinafter "Salenger Law Firm").

15. On or about February 8, 2016, all claims asserted in the Personal Injury Action against Debra J. Werner, D.O. and Richmond University Medical Center were settled for the total amount of $8,000,000.00 (hereinafter "Settlement Proceeds").

16. The Merck Medical Plan, in accordance with the terms of the plan documents, has an equitable lien by agreement/constructive trust in the amount of the Paid Benefits on the Settlement Proceeds (hereinafter "Lien").

17. Pursuant to the terms of an Infant Compromise Order entered in the Personal Injury Action by the New York Supreme Court on or about February 9, 2016 (hereinafter "ICO"), $281,987.24 of the Settlement Proceeds were to be placed in the escrow account of the Salenger Law Firm "until said [L]ien is resolved."

18. In accordance with the terms of the ICO, $281,987.24 of the Settlement Proceeds were deposited, and are currently being held, in the escrow account of the Salenger Law Firm (hereinafter "Escrowed Funds").

19. The ICO further provided that $33,969.00 of the Settlement Proceeds were to be paid into The J.F.L. Supplemental Needs Trust, and appointed Defendants, John R. Lopresti and Rosemarie Lopresti, co-trustees of said Trust.

20. As co-trustees of The J.F.L. Supplemental Needs Trust, John R. Lopresti and Rosemarie Lopresti, have control over trust funds.

21. Based upon current information and belief, and in accordance with the terms of the ICO, $33,969.00 of the Settlement Proceeds were paid into and currently remain in The J.F.L. Supplemental Needs Trust (hereinafter "Trust Funds").

22. J.F.L., through his parents and natural guardians, Defendants, John R. Lopresti and Rosemarie Lopresti, contest the enforceability of the Lien and refuse to reimburse the Merck Medical Plan the amount of the Paid Benefits out of the Settlement Proceeds.

WHEREFORE, Plaintiff demands that the terms of the Merck Medical Plan be enforced and the Court impose an equitable lien consistent therewith on the Escrowed Funds and the Trust Funds in the amount of the Paid Benefits, and that the Defendants be ordered to reimburse such amount to the Merck Medical Plan from such funds, together with any judgment and post-judgment interest or other relief to which the Plaintiff is entitled, including reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

Dated: October 18, 2016

TANSEY, TRACY & CONVERY, ESQS.
24 Thoreau Drive
Freehold, New Jersey 07728
(732) 683-1770
Attorneys for Plaintiff, Merck Sharp & Dohme Corp.

By: _____/s/ James N. Tracy_____
      James N. Tracy

5